UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:18-cv-00176-FDW

| | |
|---|---|
| KALEAH NICOLE WHITESIDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| NANCY A. BERRYHILL, Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff Kaleah Nicole Whiteside's Motion for Summary Judgment (Doc. No. 9) filed November 6, 2018, and Defendant Acting Commissioner of Social Security Nancy A. Berryhill's ("Commissioner") Motion for Summary Judgment (Doc. No. 11) filed January 7, 2019. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits.

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED, the Commissioner's Motion for Summary Judgment (Doc. No. 11) is GRANTED, and the Commissioner's decision is AFFIRMED.

I. BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits on April 7, 2014. (Tr. 77). Plaintiff alleges disability beginning January 13, 2014. (Tr. 89). After her application was denied initially and upon reconsideration (Tr. 101, 111), Plaintiff requested a hearing (Tr. 119). After a hearing on June 29, 2017 (Tr. 31), the ALJ issued an unfavorable decision. (Tr. 12). Plaintiff's subsequent request for review by the Appeals Council was denied. (Tr. 1).

1

The ALJ found Plaintiff had not engaged in substantial gainful activity since January 13, 2014, and meets the insured status requirements through December 31, 2019. (Tr. 17). The ALJ found Plaintiff to be severely impaired by affective disorder, anxiety disorder, and schizophrenia. (Tr. 17). The ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, App. 1. (Tr. 18). The ALJ then made the following finding of Plaintiff's Residual Functional Capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant could perform simple, routine, and repetitive tasks. She would have time off-task that would be accommodated by normal breaks. She could have occasional interactions with supervisors, co-workers, and the general public. She could tolerate few changes in a routine work setting.

(Tr. 19). In response to a hypothetical that factored in Plaintiff's age, education, work experience, and RFC, the vocational expert ("VE") testified that Plaintiff could perform her past relevant work as an Electrical Assembler. The VE opined Plaintiff could also perform other jobs available in the national economy: "Office Helper" with approximately 116,000 jobs nationally, "Routing Clerk" with approximately 41,600 jobs nationally, and "Shipping-and-Receiving Weigher" with approximately 85,000 jobs nationally. (Tr. 24-25). As a result, the ALJ concluded Plaintiff was not disabled, as defined under the Social Security Act, from January 13, 2014, through the date of the ALJ's decision. (Tr. 26).

Plaintiff has exhausted all administrative remedies and now appeals the ALJ's decision. Plaintiff argues: (1) the ALJ did not properly consider Plaintiff's vocational limitations caused by her poor mental health, and (2) the ALJ was improperly appointed in violation of the Appointments

Clause because of the U.S. Supreme Court's decision in Lucia v. SEC, 138 S.Ct. 2044 (2018). (Doc. No. 10 at 15, 18, 24).

## II. STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code permits judicial review of the Social Security Commissioner's denial of social security benefits. When reviewing a Social Security disability determination, a reviewing court must "uphold the determination when an [ALJ] has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation marks omitted). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (citation omitted). In reviewing the record for substantial evidence, the Court does "not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Id. (citation omitted).

In considering an application for disability benefits, an ALJ uses a five-step sequential process to evaluate the disability claim. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015));

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)).  The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five.  See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016).

"If the claimant fails to demonstrate she has a disability that meets or medically equals a listed impairment at step three, the ALJ must assess the claimant's residual functional capacity ("RFC") before proceeding to step four." Lewis, 858 F.3d at 861.  The RFC equates to "the most" the claimant "can still do despite" physical and mental limitations that affect her ability to work. Id. § 416.945(a)(1); § 404.1520(a)(4)(iv).

> When assessing the claimant's RFC, the ALJ must examine "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§ 404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two." Mascio, 780 F.3d at 635.  In addition, he must "consider all [the claimant's] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," 20 C.F.R. §§ 404.1529(a), 416.929(a).  "When the medical signs or laboratory findings show that [the claimant has] a medically determinable impairment(s) that could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit [her] capacity for work." 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).

Lewis, 858 F.3d at 862.  The Fourth Circuit has held the ALJ's consideration of a "claimant's limitations in concentration, persistence, and pace" must include more than merely the ability of the claimant to perform "simple, routine tasks or unskilled work." Mascio, 780 F.3d at 638 (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011)).  The ALJ must make a determination supported by some explanation of why a concentration, persistence, or pace limitation does not impact the claimant's ability to work.  Mascio, 780 F.3d at 638.  The ALJ may then define the claimant's RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1.  See generally 20 C.F.R. §§ 404.1567, 416.967.  Moreover, "a proper RFC analysis" requires "a logical explanation"

explaining how the medical evidence translates to the ALJ's conclusion.  Thomas v. Berryhill, No. 17-2215, 2019 WL 193948, at *3 (4th Cir. Jan. 15, 2019), as amended (Feb. 22, 2019).

After determining the RFC, the ALJ then determines if the claimant is unable to perform past work at step four. Mascio, 780 F.3d at 635; Lewis, 858 F.3d at 862.  If the claimant meets her burden as to past work at step four, the ALJ proceeds to step five.

> At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that exists in significant numbers in the national economy, considering the claimant's residual functional capacity, age, education, and work experience. [Mascio, 780 F.3d at 635 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429)].  The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations. Id.

Lewis, 858 F.3d at 862 (quotation marks omitted).  If the Commissioner meets this burden in step five, the claimant is deemed not disabled, and the benefits application is denied. Id.

### III. ANALYSIS

Plaintiff's Brief (Doc. No. 10) supporting her Motion for Summary Judgment (Doc. No. 9) raises two assertions of error: (1) the appointment of ALJ hearing her case was unconstitutional, and (2) in calculating Plaintiff's RFC, the ALJ failed to properly account for Plaintiff's mental health issues in both his hypothetical to the VE and his written decision.  To the extent Plaintiff has made isolated assertions without meaningful analysis or has claimed only a general "Mascio violation," this Court will not consider such arguments.  See Sanders v. Berryhill, No. 1:16-cv-0236-MOC-DLH, 2017 WL 3083730, at *3 (W.D.N.C. June 12, 2017), adopted by, 2017 WL 3083261 (W.D.N.C. July 19, 2017) ("It is not the role of this Court to recraft a legal argument submitted by counsel and make counsel's legal argument for him or her; this Court's role is to rule on the specific legal arguments presented by counsel."); accord Green v. Colvin, No. 1:14-cv-293-RJC-DSC, 2016 WL 830990, at *3 (W.D.N.C. Mar. 3, 2016) ("[T]he Court may not mine the

5

record to find such support."); Shipman v. Berryhill, No. 1:17-cv-00309-MR, 2019 WL 281313, at *4 (W.D.N.C. Jan. 22, 2019) ("Members of the Social Security bar … have been warned repeatedly that this Court will consider only those legal arguments properly set forth in a separate assignment of error. Accordingly, to the extent that the Plaintiff attempts to weave any other legal arguments or errors into her assignment of error, the Court disregards those arguments.").

A. Appointments Clause Challenge

First, Plaintiff seeks a new hearing before a different ALJ on the grounds that the ALJ presiding over her claim was not constitutionally appointed under the Appointment Clause and that the Administrative Appeals Judges who denied her appeal "may also be constitutionally inappropriate." (Doc. No. 10 at 18). In Lucia v. SEC, the Supreme Court held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus are subject to the Appointments Clause. 138 S. Ct. 2044, 2055 (2018).

However, Lucia made it clear, with regard to Appointments Clause challenges, only "*one who makes a timely challenge*" is entitled to relief. Id. (quoting Ryder v. United States, 515 U.S. 177, 182-83 (1995)) (emphasis added). In Lucia, the Supreme Court acknowledged the challenge was timely because it was made before the Commission. Id. To the extent Lucia may apply to Social Security ALJs or Administrative Appeals Judges, Plaintiff has forfeited the issue by failing to raise it during her administrative proceedings. (T. 31-76, 215-216); Shipman, 2019 WL 281313, at *3 (rejecting the Lucia argument because Plaintiff forfeited this issue by failing to raise it during her administrative proceeding); Britt v. Berryhill, No. 1:18-cv-00030-FDW, 2018 WL 6268211, at *2 (W.D.N.C. Nov. 30, 2018) (same); Garrison v. Berryhill, No. 1:17-cv-00302-FDW, 2018 WL 4924554, at *2 (W.D.N.C. Oct. 10, 2018) (same); see also Meanel v. Apfel, 172 F.3d 1111,

1115 (9th Cir. 1999) (noting plaintiff forfeits issues not raised before the ALJ or Appeals Council). As such, the Court does not find Plaintiff's argument persuasive.

B. <u>RFC Calculation Challenge</u>

Plaintiff claims after step three, the ALJ did not properly account for Plaintiff's "moderate limitations in concentration, persistence, and pace" in calculating Plaintiff's RFC because the ALJ did not include these limitations in his hypothetical questions to the VE or in his findings within his written decision. (Doc. No. 10 at 22). Plaintiff claims the ALJ's evaluation of whether Plaintiff was restricted to the performance of "simple routine repetitive tasks" (Tr. 72) without considering Plaintiff's limitations in concentration, persistence, and pace violates <u>Mascio</u>, 780 F.3d at 638. (Doc. No. 10 at 25).

First, while Plaintiff's Memorandum in Support for Summary Judgment (Doc. No. 10) states the ALJ's hypothetical "only suggests a general limitation based on absence from the workplace and time off task" (<u>Id.</u> at 25), the transcript provided to this Court indicates the ALJ's hypothetical also included as a condition that the individual "was unable to maintain concentration and persistence. . . ." (Tr. 73). Therefore, Plaintiff's contention that the ALJ did "not include" mental limitations in his hypotheticals to the VE is without merit. (Doc. No. 10 at 25).

Second, the ALJ considered Plaintiff's moderate limitations in "concentration, persistence, and pace" in his written decision. The ALJ explained why Plaintiff's ability to work was not impacted by such limitations so significantly as to alter Plaintiff's RFC:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the above-alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision. Accordingly, these statements have been found to affect the claimant's ability to work only to the extent they can reasonably be accepted as consistent with the objective medical and other evidence.

7

(Tr. 20). The ALJ continued to explain his rationale for this decision, noting Plaintiff's "medical record provided only limited support for her allegations." (Tr. 21). Indeed, the ALJ considered Plaintiff's mental impairments and her ability to "understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself." (Tr. 20). Further, the ALJ discussed Plaintiff's response to psychiatric treatment in January 2014 which "undermined" her allegations because "[w]hile claimant continued to complain of other anxiety, depression, and psychotic symptoms, they were not evident on examination" test results "suggest[ed] she was negative for delusions or hallucinations on examination." (Tr. 21). Next, the ALJ discussed the fact that Plaintiff "did not receive psychiatric treatment after March 2014." (Tr. 21). Finally, the ALJ "took particularly [sic] note of Dr. Hinnant's examination, because it was recent and the claimant's limited medical record,"[1] but the ALJ sufficiently explained with substantial evidence why he "gave little weight to Dr. Hinnant's opinions since they were inconsistent with [the ALJ's] examination findings" and Dr. Hinnant largely relied on the claimant's self-reported symptoms as opposed to objective findings." (Tr. 23-24).

In <u>Mascio</u>, the Fourth Circuit held that because the ALJ "gave no explanation" as to why the claimant's "limitation in concentration, persistence, or pace at step three does not translate into a limitation" of the claimant's RFC, the case must be remanded. 780 F.3d at 638. Here, unlike <u>Mascio</u>, the ALJ explained why Plaintiff's limitations in concentration, persistence, or pace did not alter her RFC because "the claimant responded well to psychiatric treatment, recently demonstrated unremarkable memory and concentration, and her reported activities … suggested that she could still complete simple tasks." (Tr. 22). If these conclusions were insufficient to meet

---

[1] Plaintiff's representative arranged for Dr. Hinnant to perform a psychiatric examination of the Plaintiff in June 2017 to help further develop her medical record. (Tr. 21).

8

the substantial evidence standard, the ALJ continued to discuss Plaintiff's reported activities, including "tending to her personal care and driving herself" and "taking care of at least one minor child on a regular basis" to explain "the objective findings and the claimant's testimony undermine the severity of the claimant's alleged symptoms and suggest that they are not consistent with the record as a whole." (Tr. 23). The ALJ also considered the findings of several other mental evaluations of Plaintiff. (Tr. 24). The ALJ further noted "the RFC is consistent with my observation of the claimant at the hearing" by which time Plaintiff had stopped receiving "mental health treatment or taking mental health medications." (Tr. 24). These considerations and explanations of Plaintiff's activities and limited medical record show substantial evidence in support of the ALJ's calculation of Plaintiff's RFC for a "full range of work at all exertional levels but with specific nonexertional limitations." (Tr. 19).

Upon review, this Court cannot re-weigh conflicting evidence or make credibility determinations, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990), and instead only considers whether "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" exists, Johnson, 434 F.3d at 653 (citations omitted). Based on the ALJ's extensive analysis of Plaintiff's mental health discussed above, the Court finds the ALJ adequately considered Plaintiff's concentration, persistence, or pace limitations under Mascio, 780 F.3d 632. Furthermore, the ALJ's finding that Plaintiff was not under a disability as defined in the Social Security Act is supported by substantial evidence included in the ALJ's written decision. Accordingly, Plaintiff has presented no basis for reversal or remand of the ALJ's determination.

IV. CONCLUSION

For these reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED, the Commissioner's Motion for Summary Judgment (Doc. No. 11) is GRANTED, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

Signed: April 16, 2019

Frank D. Whitney
Chief United States District Judge